**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| CAPFINIANCIAL PROPERTIES CV1, LLC, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) Case No. 09-2465-CM<br>) |
| HIGHWAY 210, LLC,<br>ROGER N. HARRIS,<br>ROBERT L. SARNA, and<br>ARTHUR J. KUEHLER | )<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |

## MEMORANDUM AND ORDER

Plaintiff CapFinancial Properties CV1, LLC, brings this action for Promissory Note Deficiency against defendants Highway 210, LLC ("Highway 210"), Robert L. Sarna ("Sarna"), Arthur J. Kuehler ("Kuehler"), and Roger N. Harris ("Harris"). This matter is before the court on plaintiff's Motion for Default Judgment as to Defendants Highway 210, LLC and Roger N. Harris (Doc. 15).

On October 4, 1999, defendant Highway 210 executed and delivered to Brotherhood Bank & Trust ("Brotherhood") a document entitled Commercial Variable Rate Promissory Note ("Note") in the original amount of $4,100,000.00, plus interest at the rate stated therein.[1] That same day, title to 8801 NE Birmingham Road, Kansas City, Missouri ("the Premises") was conveyed to defendant Highway 210. At the same time as the execution of the Note, and as part of the same transaction and in order to secure the payment of the Note, defendant Highway 210 made, executed, and delivered a Deed of

---

[1] For purposes of this motion, the court relies on the facts as set forth in plaintiff's Complaint (Doc. 1).

-1-

Trust ("Deed of Trust") to Brotherhood. In the Deed of Trust, defendant Highway 210 sold, conveyed, and mortgaged the Premises. In order to further secure the payment by defendant Highway 210, defendants Kuehler, Sarna, and Harris executed and delivered to Brotherhood their Unlimited Guaranties ("Guaranties"). In the Guaranties, defendants Kuehler, Sarna, and Harris guaranteed payment of the Note. The Note and Deed of Trust was assigned to plaintiff and recorded on March 2, 2009.

On June 5, 2009, the holder of the Note foreclosed on the Premises. Defendant Highway 210 has been given credit for the foreclosure sale, but there remains a deficiency in the amount of $2,016,754.42. The deficiency is the remaining unpaid balance of the Note, $1,994,168.53; the interest through August 28, 2009, $22,585.89; and the interest accruing thereafter at the contract rate of $263.12 per diem.

In its Complaint, plaintiff seeks a judgment against defendant Highway 210 for (1) $1,994,168.53, plus interest in the amount of $22,585.89 through August 28, 2009 and accruing thereafter at the contract rate or per diem rate of $263.12; (2) attorney's fees and costs incurred up to August 28, 2009 in the amount of $12,546.00; and (3) any sums which plaintiff has or may hereafter advance and pay under the terms and conditions of the Note and the Deed of Trust, including reasonable attorney's fees, for its costs incurred herein. Plaintiff seeks the same relief against defendants Sarna, Kuehler, and Harris, jointly and severally, pursuant to the Guaranties.

Only defendants Sarna and Kuehler answered the Complaint. Defendants Highway 210 and Harris have not answered the Complaint or otherwise entered an appearance. On January 21, 2010, the clerk entered default as to defendants Highway 210 and Harris. Plaintiff now seeks default judgment against defendants Hightway 210 and Harris in the amount of $1,994,168.53, plus interest in the amount of $58,896.45 through January 12, 2010 and accruing thereafter at the contract rate or per diem

rate of $263.12, for attorney's fees and costs incurred up to January 12, 2010 in the amount of $16,546.00, and any sums which plaintiff has or may hereafter advance and pay under the terms and conditions of the Note and the Deed of Trust, including reasonable attorney's fees, for its costs incurred herein.

As the Tenth Circuit explained in *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985), consistent damage awards on the same claim are essential when liability is joint and several. "[W]hen one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against him until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." *Id.* at 147 (citing 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2690, at 455−56 (1983)). Here, plaintiff seeks the same relief against all defendants for default of the Note. Entering default judgment against some but not all of the defendants would create the possibility of inconsistent judgments. Default judgment is not appropriate until the liability of the remaining defendants is determined. Accordingly, plaintiff's motion is denied without prejudice.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Default Judgment as to Defendants Highway 210, LLC and Roger N. Harris (Doc. 15) is denied without prejudice.

Dated this  22nd  day of February 2010, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**