IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CAPFINANCIAL PROPERTIES
CV1, LLC,

                Plaintiff,

                                      CIVIL ACTION

v.

                                      No. 09-2465-DJW

HIGHWAY 210, LLC, et al.,

                Defendant.

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion for Summary Judgment (doc. 22). Plaintiff seeks summary judgment against Defendants Robert J. Sarna ("Sarna") and Arthur J. Kuehler ("Kuehler") on Count II to recover under certain Guaranty Agreements. Neither Sarna nor Kuehler has filed a response in opposition to the motion. For the reasons set forth below, the motion is granted.

**I.    Nature of the Matter Before this Court**

This is an action to collect a deficiency on a promissory note Plaintiff claims to be due and owing by Defendant Highway 210, LLC ("Highway 210") in the original amount of $4,100,000.00. The Complaint alleges that Highway 210 has defaulted on the promissory note, and that Plaintiff has foreclosed on the property securing the promissory note. In Count I, Plaintiff sues Highway 210 to recover the unpaid balance of the promissory note. In Count II, Plaintiff sues Sarna and Kuehler to recover under certain Guaranty Agreements they executed which guaranteed payment of the promissory note in the event of Highway 210's default. Plaintiff claims that after crediting Highway

210 for all payments made and the proceeds of the foreclosure sale, an unpaid balance of $1,994,168.53 remains.

Plaintiff now moves for summary judgment under Count II of its Complaint against Sarna and Kuehler. Plaintiff seeks to recover under the Guaranty Agreements the balance due on the promissory note and the interest that has accrued, and continues to accrue, on that balance. Plaintiff also seeks to recover the attorney's fees it has incurred in collecting under the promissory note.

## II. Standard for Ruling on a Summary Judgment Motion

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.[1] Summary judgment is not a "disfavored procedural shortcut" but rather an important procedure "designed to secure the just, speedy and inexpensive determination of every action."[2]

As noted above, neither Sarna nor Kuehler has responded to the Motion for Summary Judgment. D. Kan. Rule 7.4 allows this Court to grant an unopposed motion as uncontested.[3] The Tenth Circuit, however, has held that this rule may not be applied to unopposed motions for summary judgment. In *Reed v. Bennett*,[4] the Tenth Circuit held that "a party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter

---

[1] Fed. R. Civ. P. 56(c).

[2] *Celotex Corp v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

[3] D. Kan. Rule 7.4 provides in pertinent part: "If a responsive brief or memorandum is not filed within the [D. Kan.] Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice."

[4] 312 F.3d 1190 (10th Cir. 2002).

2

judgment against the party."[5] The court in *Reed* held that the district court must still "make the additional determination that judgment for the moving party is 'appropriate' under Rule 56."[6] The court explained:

> Summary judgment is appropriate only if the moving party demonstrates that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. By failing to file a response within the time specified by the local rule, the nonmoving party waives the right to respond or to controvert the facts asserted in the summary judgment motion. The court should accept as true all material facts asserted and properly supported in the summary judgment motion. But only if those facts entitle the moving party to judgment as a matter of law should the court grant summary judgment.

In light of the above, in deciding Plaintiff's Motion for Summary Judgment in this case, the Court must first determine whether Plaintiff has properly supported its statement of material facts. Then the Court must decide whether, under the appropriate substantive law, Plaintiff is entitled to judgment as a matter of law against Sarna and/or Kuehler. Only then may the Court enter summary judgment against either of those Defendants and in favor of Plaintiff.

### III. The Uncontroverted Facts

The Court finds that each fact in the Statement of Uncontroverted Facts submitted by Plaintiff[7] is properly supported by the affidavits attached to the motion and the attached promissory note and Guaranty Agreements. In addition, certain of the facts are supported by Sarna and Kuehler's admissions in their respective Answers (doc. 10 & 11).

---

[5] *Id.* at 1194.

[6] *Id.*

[7] Plaintiff has submitted its Statement of Uncontroverted Facts in a pleading (doc. 24) filed separately from its motion and supporting memorandum.

The Court finds the following facts to be uncontroverted:

On or about October 4, 1999, for good and valuable consideration, Highway 210 was conveyed title to real estate in Clay County, Missouri. To purchase that real estate, Highway 210 borrowed from Brotherhood Bank & Trust and executed a document entitled Commercial Variable Rate Promissory Note (the "Note" or the "Loan") promising to pay the sum of $4,100,000.00, plus interest at the rate stated therein.

The Note was properly secured by a deed of trust dated October 4, 1999 ("Deed of Trust") and recorded on October 6, 1999 in Book 3067 at page 728 in the office of Record of Deeds in Clay County, Missouri. The Deed of Trust encumbered certain real property located in Clay County, Missouri commonly known as 8801 NE Birmingham Rd., Kansas City, MO 64161 ("the Property").

Sarna and Kuehler each executed a Guaranty Agreement, personally guaranteeing all obligations of Highway 210 under the Note. Sarna and Kuehler admitted in their respective Answers that each "is subject to the Guaranty Agreement."[8]

Plaintiff acquired ownership of the Loan by assignment, on or about June 27, 2007. Subsequently, Highway 210 failed to make payments under the terms of the Note, and as a result thereof, Plaintiff, as holder, exercised its rights under the terms of the Deed of Trust and foreclosed the Property. On June 5, 2009, the Deed of Trust was foreclosed and the Property was sold for the net price of $3,200,000.00. After crediting Defendants with all payments, the remaining unpaid balance of the Note as of May 12, 2010 was $1,994,168.53, together with interest in the amount of $90,470.85 through May 12, 2010 and accruing thereafter at the contract rate of $263.12 per diem.

---

[8]*See* Sarna Answer (doc. 11) ¶ 10; Kuehler Answer (doc. 10) ¶ 10.

Despite demand for payment of the balance on the Note, Sarna and Kuehler have not made payment in accordance with the terms of the Guaranty Agreements. The entire unpaid balance of the Note of $1,994,168.53 is now due and owing.

Highway 210 agreed in the Note to pay Plaintiff's reasonable attorney's fees and costs associated with collection of the Note. Similarly, Sarna and Kuehler each agreed in the Guaranty Agreements to pay Plaintiff's reasonable attorney's fees and costs to in connection with collection of the Note. As of May 25, 2010, Plaintiff had incurred $19,920.50 in attorney's fees in attempting to collect under the Note.

## IV. Discussion

A claim to recover under a guaranty is a contract claim. As the Kansas Supreme Court observed in *Iola State Bank v. Biggs*,[9] "[t]he law of guaranty is a part of the law of contracts, [and] a guaranty is a type or kind of contract."[10] "A guaranty is a contract between two or more persons . . . by which one person promises to answer to another for the debt, default or miscarriage of a third person."[11] To recover under a contract of guaranty, the creditor must show that the defendant executed the guaranty and that there is currently due and owing some sum of money from the debtor to the creditor that the guaranty purports to cover.[12]

Plaintiff has established that it is entitled to judgment as a matter of law against Sarna and Kuehler on its claims arising under the Guaranty Agreements. It is undisputed that Sarna and

---

[9] 233 Kan. 450, 452-53, 662 P.2d 563, 567 (1983).

[10] *Id*.

[11] *Id*. at 450.

[12] *Fed. Deposit Ins. Corp. v. Medmark, Inc.*, 897 F. Supp. 507, 511 (D. Kan. 1995) (citation omitted).

5

Kuehler each executed a Guaranty Agreement and that they each personally guaranteed Highway 210's liability under the Note. Indeed, Sarna and Kuehler have admitted in their respective Answers that they are each subject to the Guaranty Agreements. Furthermore, it is undisputed that Highway 210 defaulted under the Note and that despite demand for payment for the remaining payment of the balance under the Note, neither Sarna nor Kuehler has made payment in accordance with their obligations under the Guaranty Agreements. Summary judgment in favor of Plaintiff is therefore appropriate. Accordingly, the Court will enter summary judgment in favor of Plaintiff and against Sarna and Kuehler on Count II of the Complaint.

The Court must now determine what relief Plaintiff is entitled to against Sarna and Kuehler under the Guaranty Agreements. The undisputed facts show that Sarna and Kuehler are each liable for payment of the unpaid balance due under the Note and interest accruing on the unpaid balance. The undisputed facts also show Sarna and Kuehler are each liable for the payment of the reasonable attorney's fees that Plaintiff has incurred in collecting on the deficiency under the Note.

With respect to the dollar amounts, the undisputed facts show as follows: The unpaid balance due and owing under the Note is $1,994,168.53. The amount of interest accrued on that balance as of May 12, 2010 was $90,470.85. Interest continues to accrue after that date in the amount of $263.12 per diem. As of May 25, 2010, Plaintiff has incurred reasonable attorney's fees in the amount of $19,902.50 to collect on the Note.

In light of the above, the Court finds that Sarna and Kuehler are jointly and individually liable to Plaintiff in the amount of $1,994.168.53 on the balance of the Note and $90,470.85 in interest accrued to May 12, 2010 on that balance. They are also jointly and individually liable to Plaintiff for the interest on the balance due accruing from May 12, 2010 to date at the rate of $263.12 dollars per diem. In addition, the Court finds that Sarna and Kuehler are jointly and

6

individually liable to Plaintiff for attorney's fees incurred through May 25, 2010 in the amount of $19,902.50.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Summary Judgment (doc. 22) is granted as set forth above.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 24th day of August 2010.

s/ David J. Waxse
David J. Waxse
U. S. Magistrate Judge


cc: All counsel and *pro se* parties