# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

CAPFINANCIAL PROPERTIES
CV1, LLC,

                                        **Plaintiff,**

v.

**HIGHWAY 210, LLC, et al.,**

                                        **Defendant.**

Civil Action

No. 09-2465-DJW

## ORDER

On November 23, 2010, the Court issued an Order to Show Cause (ECF No. 31) ("First Order to Show Cause") regarding the sufficiency of Plaintiff's jurisdictional allegations. The Court noted that before ruling on the pending Motion for Default Judgment (ECF No. 30), which seeks default judgment against the remaining Defendants, Highway 210, LLC ("Highway 210") and Roger N. Harris ("Harris"), the Court has the duty to inquire about, and to determine, whether subject matter jurisdiction exists. The Court stated that it had examined the Complaint and other pleadings in this case and found Plaintiff's allegations to be inadequate to establish this Court's diversity jurisdiction. The Court therefore directed Plaintiff to show cause why this Court's August 24, 2010 Memorandum and Order (ECF No. 28) granting Plaintiff's Motion for Summary Judgment against Arthur J. Kuehler ("Kuehler") and Robert L. Sarna ("Sarna") should not be vacated and why this action should not be dismissed for lack of subject matter jurisdiction. The Court deferred ruling on the Motion for Default Judgment until Plaintiff responded to the First Order to Show Cause.

On December 13, 2010, Plaintiff filed a timely response to the First Order to Show Cause (ECF No. 33) ("Response to First Order to Show Cause"). The Court examined the Response to

First Order to Show Cause, along with the affidavits and other materials attached to it, and entered a Second Order to Show Cause (ECF No. 34), in which it found that Plaintiff had made a sufficient showing that all *Defendants* are citizens of Kansas but had failed to sufficiently allege its own citizenship.[1]

As the Court noted in its Second Order to Show Cause, to allege diversity jurisdiction, a plaintiff must sufficiently allege the citizenship of *all* parties, so that the Court may determine that there is complete diversity between the plaintiff on the one hand and the defendants on the other.[2] The Court found that Plaintiff, which is a limited liability company, had failed in its Response to First Order to Show Cause to sufficiently allege its own citizenship because it had not alleged sufficient information about the citizenship of each of its members.[3] While Plaintiff indicated in its Response to First Order to Show Cause that its members are PrinsFinancial IV, Inc. ("Prins") and CVI Global Value Fund (US) Real Estate LLC ("Global"),[4] Plaintiff failed to identify the citizenship of either Prins or Global.[5]

---

[1] *See* Second Order to Show Cause (ECF No. 34) at 2, 5. As noted in that Second Order to Show Cause, Plaintiff's Response to First Order to Show Cause and the attachments revealed that the individual Defendants Harris, Kuehler, and Sarna are citizens of Kansas. They also revealed that the members of Highway 210, which is a limited liability company, are Sarna, Harris and Kuehler. Because Highway 210's members are all citizens of Kansas, Highway 210 is deemed to be a citizen of Kansas. *Id.* at 2, n.1.

[2] *See id.* at 2.

[3] *See id.* at 4-5.

[4] Pl.'s Resp. to First Order to Show Cause (ECF No. 33) at 2.

[5] As previously recognized by the Court, for diversity jurisdiction purposes, a limited liability company such as Plaintiff is deemed to be a citizen of every state of which its members are citizens. *See* First Order to Show Cause (ECF No. 31) at 6, n.23 and cases cited therein; Second Order to Cause (ECF No. 34) at 2, n.2 and cases cited therein.

Rather than dismiss the action for lack of subject matter jurisdiction, the Court gave Plaintiff another opportunity to demonstrate that diversity jurisdiction exists, and directed Plaintiff to show cause, in a pleading filed with the Court, why this Court's August 24, 2010 Memorandum and Order granting Plaintiff's Motion for Summary Judgment against Kuehler and Sarna should not be vacated, and the action dismissed for lack of subject matter jurisdiction.

Plaintiff has now filed a timely response to the Second Order to Show Cause (ECF No. 35) ("Response to Second Order to Show Cause"). In this pleading, Plaintiff states that it erroneously responded to the First Order to Show Cause when it stated that Plaintiff's members at the time Plaintiff filed the Complaint were Prins and Global. Plaintiff states in its Response to the Second Order to Show Cause that on May 31, 2009, Prins and Global transferred their ownership interests in Plaintiff to a corporation named CapFinancial Properties CV1 Holdings, Corporation ("Cap") and that Cap was the only member of Plaintiff at the time the Complaint was filed on September 4, 2009. Plaintiff further states that Cap is a corporation incorporated under the laws of Delaware and that Cap's principal place of business is in Prinsburg, Minnesota.

After reviewing the Response to the Second Order to Show Cause and the affidavit and other materials attached to it, the Court finds that Plaintiff has sufficiently alleged that its sole member is Cap and that Cap is a citizen of Delaware and Minnesota.[6] This in turn means that Plaintiff is

---

[6]As previously stated in the Court's First Order to Show Cause, 28 U.S.C. § 1332(c) sets forth the standard for determining the citizenship of a corporation. Section 1332(c) provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." Thus, because the Response to the Second Order to Show Cause asserts that Cap is a citizen of Delaware and its principal place of business is in Prinsburg, Minnesota, the Court finds that Cap should be deemed a citizen of both Delaware and Minnesota.

deemed to be a citizen of Delaware and Minnesota. Because Defendants are all citizens of Kansas, complete diversity of citizenship exists.

Diversity jurisdiction requires not only diversity of citizenship, but also that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.[7] The Court's prior Show Cause Orders did not require Plaintiff to provide any additional information regarding the amount in controversy, because Plaintiff's Complaint clearly satisfies the $75,000 amount in controversy requirement. More specifically, the Complaint alleges that Defendant Highway 210 is indebted to Plaintiff under the promissory note at issue for the sum of $1,994,168.53.[8] Furthermore, the Complaint alleges that the other Defendants are indebted to Plaintiff under the guaranties at issue for that same sum.[9]

In light of the foregoing, the Court holds that Plaintiff has demonstrated that this Court possesses diversity jurisdiction and therefore has shown cause why this Court's August 24, 2010 Memorandum and Order granting Plaintiff's Motion for Summary Judgment against Kuehler and Sarna should not be vacated and why this action should not be dismissed.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 24th day of March 2011.

s/ David J. Waxse
David J. Waxse
U. S. Magistrate Judge

cc: All counsel and *pro se* parties

---

[7] *See* 28 U.S.C. § 1332(a).

[8] Compl. (ECF No. 1) Count I, Wherefore Clause, at 6.

[9] *Id.*, Count II, Wherefore Clause, at 6.