IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CAPFINANCIAL PROPERTIES
CV1, LLC,

          **Plaintiff,**

v.

HIGHWAY 210, LLC, et al.,

          **Defendant.**

Civil Action

No. 09-2465-DJW

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion for Default Judgment (ECF No. 30), in which Plaintiff asks the Court to enter default judgment in favor of Plaintiff and against Defendants Highway 210, LLC ("Highway 210") and Defendant Roger N. Harris ("Harris"). For the reasons set forth below, Plaintiff's motion is granted.

**I. Procedural and Background Information**

This is a diversity action to collect a deficiency on a promissory note Plaintiff claims to be due and owing by Highway 210 in the original amount of $4,100,000.00. The Complaint alleges that Highway 210 has defaulted on the promissory note, and that Plaintiff has foreclosed on the property securing the promissory note. In Count I, Plaintiff sues Highway 210 to recover the unpaid balance of the promissory note and for payment of Plaintiff's collection costs, including attorney's fees. In Count II, Plaintiff sues Harris, Arthur J. Kuehler ("Kuehler"), and Robert L. Sarna ("Sarna") to recover under certain Guaranties they each executed which guaranteed payment of the promissory note in the event of Highway 210's default. The Complaint alleges that after crediting Highway 210 for all payments made and the proceeds of the foreclosure sale, an unpaid balance of

$1,994,168.53 remains. In Count I, Plaintiff seeks judgment against Highway 210 for that sum, for accrued interest, and for collection costs and attorney's fees.

In Count II of the Complaint, Plaintiff seeks a deficiency judgment against Harris, Sarna, and Kuehler and asserts that they are jointly and severally liable under the Guaranties for the unpaid balance of the promissory note and for payment of Plaintiff's collection costs, including attorney's fees.

Kuehler and Sarna each filed an Answer to the Complaint on October 20, 2009. Neither Highway 210 nor Harris answered or otherwise responded to the Complaint and neither has appeared or defended itself in this action. The Clerk entered default against Highway 210 and Harris pursuant to Federal Rule of Civil Procedure 55(a) on January 21, 2010.[1]

On July 9, 2010 Plaintiff moved for summary judgment against Kuehler and Sarna. On August 24, 2010, the Court granted summary judgment in favor of Plaintiff and against Kuehler and Sarna under their respective Guaranties.[2] The Court ruled as follows:

> [T]he Court finds that Sarna and Kuehler are jointly and individually liable to Plaintiff in the amount of $1,994.168.53 on the balance of the Note and $90,470.85 in interest accrued to May 12, 2010 on that balance. They are also jointly and individually liable to Plaintiff for the interest on the balance due accruing from May 12, 2010 to the date of judgment at the rate of $263.12 dollars per diem. In addition, the Court finds that Sarna and Kuehler are jointly and individually liable to Plaintiff for attorney's fees incurred through May 25, 2010 in the amount of $19,902.50.[3]

---

[1] *See* Clerk's Entry of Default (ECF No. 14).

[2] *See* August 24, 2010 Mem. and Order (ECF No. 28); March 28, 2011 Nunc Pro Tunc Order (ECF No. 37).

[3] *Id.* at 6-7.

2

The amount of attorney's fees was set forth in the affidavit of Plaintiff's counsel Richard Martin, which was filed in support of Plaintiff's Motion for Summary Judgment.[4] Based on the affidavit, the Court found that the sum of $19,902.50 was a reasonable amount of attorney's fees that Plaintiff incurred in prosecuting this case through the date of May 25, 2010.[5]

## II. Nature of the Judgment That Plaintiff Seeks Against Highway 210 and Harris

Plaintiff asks the Court to issue an Order entering default judgment against Highway 210 and Harris as follows:

> Plaintiff prays that the Court enter . . . Judgment against Defendants Highway 210, LLC and Roger Harris in the amount of $1,994,168.53, plus interest in the amount of $121,782.13 through September 7, 2010 and accruing thereafter at the contract rate or per diem rate of $263.12, for attorney's fees and costs incurred up to September 7, 2010 in the amount of $21,500.00, and any sums which Plaintiff has or may hereafter advance and pay under the terms and conditions of the Note and the Deed of Trust, including reasonable attorneys' fees, for its costs incurred herein, and for such other and further relief as the Court may deem and just and proper in the premises.[6]

## II. The Applicable Law Regarding Default Judgment

Federal Rule of Civil Procedure 55 governs default judgments, and provides a two-step process for a party seeking default judgment.[7] First, the party seeking default judgment must ask the Clerk of the Court to enter default against the opposing party who has failed to plead or

---

[4]*See* Martin Aff., attached as Ex. E to Exhibits Filed in Support of Mot. for Summary J. (ECF No. 24).

[5]August 24, 2010 Mem. and Order (ECF No. 28) at 6.

[6]Pl.'s Mot. for Default J. (ECF No. 30) at 4-5.

[7]*M & I Marshall & Ilsley Bank v. Hill*, No. 10-2286-KHV, 2010 WL 4039845, at *1 (D. Kan. Oct. 14, 2010) (citation omitted).

3

otherwise defend.[8] Second, following the entry of default by the Clerk, the moving party may apply to the court for a default judgment.[9]

It is well settled that the "[e]ntry of default precludes a trial on the merits."[10] At the same time, however, "[a] party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court."[11] Once default is entered, "it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law."[12] In determining whether a claim for relief has been established, the well-pleaded facts of the complaint are deemed true.[13] In addition, the court accepts the undisputed facts set forth in any affidavits and exhibits attached to the complaint or submitted in support of the motion for default judgment.[14]

With respect to damages, Federal Rule of Civil Procedure 54(c) limits the amount that a plaintiff may recover on default to the amount which the plaintiff claims in the prayer for relief in the complaint.[15] Specifically, Rule 54(c) states that "[a] judgment by default shall not be different

---

[8]*Id.* (citing Fed. R. Civ. P. 55(a)).

[9]*Id.* (citing Fed. R. Civ. P. 55(b)).

[10]*Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1119 n. 3 (10th Cir. 2003) (citation omitted).

[11]*Seme v. E & H Prof'l Sec. Co.*, No. 08-cv-01569-RPM-KMT, 2010 WL 1553786, at *2 (D. Colo. Mar. 19, 2010) (citations omitted).

[12] *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (citations omitted).

[13]*Seme*, 2010 WL 1553786, at *2 (citations omitted).

[14]*Id.* (citations omitted).

[15]*Jones v. Courtney*, No. 04-3255-JWL-DJW, 2007 WL 2893587, at *5 (D. Kan. Sept. 28, 2007) (citing Fed. R. Civ. P. 54(c); *Albert v. Wesley Health Servs.*, No. 00-2067-KHV, 2001 WL 503241, at *1 (D. Kan. May 10, 2001)).

4

in kind from or exceed in amount that prayed for in the demand for judgment." The Court may enter default judgment without a hearing "only if the amount claimed is a liquidated sum or one capable of mathematical calculation."[16]

## III. Subject Matter Jurisdiction

When default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction over the subject matter in order to determine whether it has the power to enter the default judgment.[17] This affirmative duty arises because a judgment is void if the court entering the judgment lacks subject matter jurisdiction.[18] The Court has already issued several Orders regarding subject matter jurisdiction in this case.[19] The Court will not revisit all of the jurisdictional issues addressed in those Orders; however, the Court reiterates its prior rulings that (1) all Defendants are citizens of Kansas; (2) Plaintiff is a citizen of Delaware and Minnesota; (3) complete diversity of citizenship exists; and (4) the amount in controversy exceeds $75,000. Finally, the Court reiterates the conclusion it reached in its March 24, 2011 Order that diversity jurisdiction exists in this case.

---

[16]*Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985) (citing *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983)).

[17]*Williams v. Life Sav. and Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986); accord *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997) ("[A] district court must determine whether it has jurisdiction over the defendant before entering judgment by default against a party who has not appeared in the case.").

[18]*Williams*, 802 F.3d at 1203.

[19]*See* November 23, 2010 Order to Show Cause (ECF No. 31); January 14, 2011 Second Order to Show Cause (ECF No. 34); and March 24, 2011 Order (ECF No. 36).

**IV.     Personal Jurisdiction**

The Court will now turn its attention to the issue of personal jurisdiction. In addition to possessing subject matter jurisdiction, this Court must ensure that it has personal jurisdiction over a particular defendant in order to enter a default judgment against that defendant.[20] In fact, a default judgment is void if there is no personal jurisdiction over the defendant.[21] Thus, not only must Plaintiff in this case allege sufficient facts to support subject matter jurisdiction, Plaintiff must allege sufficient facts to support personal jurisdiction over each Defendant against whom it seeks default judgment.

"[S]ervice of process under Fed. R. Civ. P. 4 provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served."[22] Thus, the Court must determine whether Plaintiff has properly served Highway 210 and Harris under Rule 4 to determine whether the Court has personal jurisdiction over them.

Rule 4(h) prescribes the appropriate methods for serving process upon corporations, partnerships, and other unincorporated associations. Rule 4(h)(1)(B) provides that the corporation, partnership or other unincorporated association may be served in a judicial district of the United States "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of

---

[20]*Bixler v. Foster*, 596 F.3d 751, 761 (10th Cir. 2010) (citing *Hukill v. Okla. Native Am. Domestic Violence Coal.*, 542 F.3d 794, 797 (10th Cir. 2008)).

[21]*Hukill,* 542 F.3d at 797 (quoting *United States v. Bigford*, 365 F.3d 859, 865 (10th Cir. 2004)).

[22]*Id.* (quoting *Okla. Radio Assocs. v. F.D.I.C.*, 969 F.2d 940, 943 (10th Cir. 1992)).

process."[23] Courts have universally held that Rule 4(h) applies to limited liability companies,[24] such as Highway 210.

An affidavit of service on Highway 210 was filed in this case on September 21, 2009. The affidavit indicates that Plaintiff served Highway 210 "by delivering a true copy of the summons, complaint, and exhibits to Roger Harris as agent authorized to accept service" at the address of 13316 W. 98th St., Lenexa, KS 66215.[25] The Court finds that Plaintiff properly served Highway 210 pursuant to Rule 4(h)(1)(B) and that the Court has personal jurisdiction over Highway 210.

With respect to the service of individuals such as Defendant Harris , Rule 4(e) provides that an individual may be served in a judicial district of the United States by "delivering a copy of the summons and of the complaint to the individual personally."[26] An affidavit of service on Harris was filed on September 21, 2009, which shows that Harris "was personally served by delivering a true copy of the summons, complaint and exhibits to Roger Harris" at the address of 13316 W. 98th St., Lenexa, KS 66215.[27] The Court finds that Plaintiff properly served Harris pursuant to Rule 4(e) and that the Court has personal jurisdiction over him.

---

[23]Fed. R. Civ. P. 4(h)(1)(B).

[24]*See, e.g., Feline Instincts, LLC v. Feline Future Cat Food*, No. 4:09-CV-644-Y, 2010 WL 4942188, at *6 (N.D. Tex. Dec. 6, 2010); *Tetra Tech Ec, Inc. v. White Holly Expeditions LLC*, 2010 WL 3259696, at *6 (M.D. Fla. No. 3:10-CV-465-J-32MCR, Aug. 16, 2010); *Pallman Maschinenfabrik GmbH & Co. v. Evergreen Composite Tech., L.L.C.*, No. 4:08-cv-33(HL), 2009 WL 112683, at *2 (M.D. Ga. Jan.16, 2009); *Poparic v. Lincoln Square Video*, No. 08 C 3491, 2009 WL 1809922, at *1 (N.D. Ill. June 25, 2009).

[25]*See* Aff. of Service (ECF No. 3).

[26]Fed. R. Civ. P. 4(e)(2)(A).

[27]*See* Aff. of Service (ECF No. 4).

In summary, the Court concludes that both Highway 210 and Harris were properly served and that the Court has personal jurisdiction over them.

## IV. Is Plaintiff Entitled to Default Judgment Against Highway 210 and Harris?

Having determined that the Court has jurisdiction over both the subject matter and personal jurisdiction over Defendants Highway 210 and Harris, the Court must now determine whether the unchallenged facts constitute a legitimate cause of action and, if so, determine the amount of Plaintiff's damages.

### A. The Unchallenged Facts Supporting Plaintiff's Motion for Default Judgment

As noted above, in ruling on a motion for default judgment, a court must accept as true all well-pleaded facts of a plaintiff's complaint.[28] Additionally, the court must accept the undisputed facts set forth in the affidavits and exhibits attached to the complaint or submitted in support of the motion for default judgment.[29]

The Court finds the following facts to be well-pleaded and material to the resolution of Plaintiff's Motion for Default Judgment. Many of these facts are contained in Plaintiff's Complaint (ECF No. 1) and/or the exhibits attached to the Complaint. Others are set forth in the affidavit of Roger Ahrenholz, which was filed in support of Plaintiff's Motion for Default Judgment (ECF No. 30).[30]

---

[28] *See Seme*, 2010 WL 1553786, at *2 (citations omitted).

[29] *See id.* (citations omitted).

[30] *See* Ahrenholz Aff., attached as Ex. 1 to Pl.'s Mot. for Default J. (ECF No. 30). Mr. Ahrenholz states in the Affidavit that he is employed by PrinsBank, which is "the authorized and acting loan servicing agent" of Plaintiff. *Id.*, ¶ 1. He also states that he "has supervision and control of Plaintiff's records pertaining to the loan" at issue in the case. *Id.*, ¶ 3.

On or about October 4, 1999, for good and valuable consideration, Highway 210 was conveyed title to certain premises (the "Premises") and made, executed, and delivered to Brotherhood Bank & Trust ("Brotherhood Bank") a document entitled Commercial Variable Rate Promissory Note (the "Note" or the "Loan") in the original amount of $4,100,00.00, plus interest at the rate stated therein. True and correct copies of the Note and all Amendments thereto are attached to Plaintiff's Complaint (ECF No. 1) and incorporated into the Complaint as Exhibit A. According to the terms of the Note, Highway 210 agreed to reimburse Plaintiff for the payment of attorney's fees in connection with all efforts to collect under the Note. Specifically, the Note states that Highway 210 agrees to pay all costs of collection and any attorney's fees incurred to collect under the Note.

As part of the same transaction in which the Note was executed, and in order to secure the payment of the indebtedness evidenced by the Note, Highway 210 made, executed, and delivered a Deed of Trust ("Deed of Trust") whereby it sold, conveyed, and mortgaged the Premises to Brotherhood Bank. The Deed of Trust was recorded in the Office of the Recorder of Deeds for Clay County, Missouri on October 6, 1999 in Book 3067 at page 728. True and correct copies of the Deed of Trust and all Extensions and Modifications thereto are attached to Plaintiff's Complaint and incorporated into the Complaint as Exhibit B.

In order to further secure the payment by Highway 210 of the indebtedness evidenced by the Note, Harris executed and delivered to Brotherhood Bank his Unlimited Guaranty ("Harris Guaranty"), in which he personally guaranteed payment of the Note. A true and correct copy of the Harris Guaranty is attached to Plaintiff's Complaint and incorporated into the Complaint as Exhibit E. In addition, Kuehler and Sarna each executed an Unlimited Guaranty ("Kuehler Guaranty" and "Sarna Guaranty," respectively), in which they each personally guaranteed payment of the Note.

9

True and correct copies of the Kuehler and Sarna Guaranties are attached to Plaintiff's Complaint and incorporated into the Complaint as Exhibits C and D, respectively.

The Note and Deed of Trust were assigned to Plaintiff by way of an assignment ("Assignment") recorded on March 2, 2009 as Document 2009006569 in Book 6129 at page 161 in the Clay County Recorder of Deeds Office. A true and correct copy of the Assignment is attached to Plaintiff's Complaint and incorporated into the Complaint as Exhibit F.

Highway 210 defaulted in payment on the Note, and Plaintiff called the Note immediately due and payable. As a result of Highway 210's default in the repayment terms of the Note, the holder exercised its rights under the terms of the Deed of Trust on June 5, 2009, and foreclosed on Highway 210's commercial property located at 8801 N.E. Birmingham Rd., Kansas City, Missouri. Plaintiff was the successful bidder at the foreclosure sale at a bid price of $3,200,000.00.

Highway 210 has been given credit for all payments made in addition to credit for the foreclosure sale. Because payments have not been made in accordance with the terms of the Note, a deficiency now exists and is owing. The deficiency consists of the remaining unpaid balance of the Note in the amount of $1,994,168.53 and unpaid interest on that balance. The Complaint states that through August 28, 2009, interest had accrued on the unpaid balance in the amount of $22,585.89, and that interest is continuing to accrue at the contract rate of $263.12 per diem.

Mr. Ahrenholz' Affidavit also reveals that the total amount of interest that has accrued on the unpaid balance through September 7, 2010 is $121,782.13, and that interest continues to accrue from that date at the contract rate of $263.12 per diem.[31]

Demand has been made for payment of the balance on the Note against Highway 210 and against Harris, Kuehler, and Sarna under their respective Guaranties; however, despite that demand,

---

[31] Ahrenholz Aff., ¶ 16, attached as Ex. 1 to Pl.'s Mot. for Default J. (ECF No. 30).

payments have not been made in accordance with the terms of the Note or Guaranties, and the entire unpaid balance of the Note is now due and owing.

Pursuant to the terms of the Harris Guaranty, Harris "absolutely and unconditionally guarantee[d] to Lender [Brotherhood Bank] the full and prompt payment when due * * * * of each and every debt, liability, and obligation of every type and description which Borrower [Highway 210] may now or at any time hereafter owe to Lender."[32]

### B. Liability

Taking the above well-pleaded facts as true, the Court concludes that Plaintiff has stated a legitimate cause of action against Highway 210 under Count I of the Complaint and established Highway 210's liability for the deficiency on the Note under the terms of the Note. It is undisputed that Highway 210 is obligated under the Note, that Highway 210 defaulted under the Note, and that despite demand for payment of the remaining balance of the Note, Highway 210 has not satisfied its obligation. Plaintiff has also established Highway 210's liability for payment of collection costs, including attorney's fees, under the Note. In addition, Plaintiff has stated a legitimate cause of action against Harris under Count II of the Complaint. It is unchallenged that Harris personally guaranteed Highway 210's liability under the Note and that despite demand made to Harris for payment of the remaining balance under the Note, Harris has not made payment in accordance with his obligations under the Harris Guaranty. Thus, Plaintiff has established Harris' liability for the deficiency under the Note, in addition to his liability for collection costs, including attorney's fees, pursuant to the terms of the Harris Guaranty.

---

[32]Harris Guaranty, attached as Ex. E to Compl. (ECF No. 1).

## C. Damages

The Court must now turn to the issue of damages. The Court finds that the amount due under the Note is for a sum certain, and the amount of interest due and owing is one that may be made certain by computation.[33] The Court therefore finds that hearing on those amounts is not necessary. The Court finds that Highway 210 and Harris are jointly and individually liable for the amount of the remaining balance of the Note in the sum of $1,994,168.53. In addition, Highway 210 and Harris are jointly and individually liable for contractual prejudgment interest accruing at the rate of $263/12 per diem, for a total of contractual prejudgment interest to the date of the April 1, 2011 judgment in the total amount of $175,984.85. Based on the Court's earlier ruling entering summary judgment in favor of Plaintiff and against Defendants Sarna and Kuehler, Highway 210 and Harris are jointly liable with Sarna and Kuehler for the amount of the deficiency under the Note and the contractual pre-judgment interest.[34]

## D. Attorney's Fees

The Court will now turn to the issue of attorney's fees. In the Complaint, Plaintiff asserts that each Defendant is liable for "attorney's fees and costs incurred up to August 28, 2009 in the amount of $12,546.00, and any sums which Plaintiff has or may hereafter advance and pay under the terms and conditions of the Note and the Deed of Trust, including reasonable attorney's fees."[35]

---

[33] *See United States v. Craighead*, No. 05-6227, 176 Fed. Appx. 922, 2006 WL 936684, at *2 (10th Cir. Apr. 12, 2006) (in an action against maker of promissory notes for defaulting on notes, no default judgment hearing was required to determine amount of Plaintiff's judgment; "[O]nce the facts regarding Mr. Craighead's liability on the notes were taken as true, all the court was required to do was calculate the amounts owed on the promissory notes and the interest.").

[34] *See* August 24, 2010 Mem. & Order (ECF No. 28) at 6; Nunc Pro Tunc Order (ECF No. 37).

[35] Compl. (ECF No. 1) Count I, Wherefore Clause; Count II, Wherefore Clause.

In its Motion for Default Judgment, Plaintiff requests that Highway 210 and Harris be held liable for "attorney's fees and costs incurred up to September 7, 2010 in the amount of $21,500."[36]

In support of its request for attorney's fees in the Motion for Default Judgment, under both the Note and the Harris Guaranty, Plaintiff submits the affidavit of its attorney of record in this case, Richard Martin.[37] In the affidavit, Mr. Martin states that due to Highway 210's failure to pay on the Note and Harris' failure to pay under the Guaranty, it was necessary for Plaintiff to retain counsel for enforcement of the Note and Guaranty and to collect under the Note and Guaranty, and that Plaintiff has incurred reasonable attorney's fees and expenses in the amount of $21,500.00 through September 7, 2010.[38]

The Court notes that it has already found, in conjunction with its ruling on Plaintiff's Motion for Summary Judgment against Defendants Kuehler and Sarna, that Plaintiff incurred reasonable attorney's fees in prosecuting this case through the date of May 25, 2010 in the reasonable amount of $19,902.50.[39] Plaintiff's Motion for Summary Judgment sought attorney's fees against Kuehler and Sarna only up until that date. Thus, the Court's Order granting the Motion for Summary Judgment entered judgment against Kuehler and Sarna for $19,902.50 in attorney's fees.[40]

In the instant Motion for Default Judgment, Plaintiff now seeks judgment against Highway 210 and Harris for an additional $1,597.50 in attorney's fees, which represents the attorney's fees it incurred in continuing to prosecute the case from May 26, 2010 through September 7, 2010.

---

[36]Pl.'s Mot. for Default J. (ECF No. 30) at 4-5.

[37]*See* Martin Aff., attached as Ex. 2 to Pl.'s Mot. for Default J. (doc. 30).

[38]*Id.*, ¶¶ 3-5.

[39]August 24, 2010 Mem. & Order (ECF No. 28) at 6.

[40]*Id.* at 6-7.

The Court finds the additional sum of $1,597.50 to be a reasonable sum, and holds that Defendants Highway 210 and Harris are jointly and severally liable to Plaintiff for this additional sum. Plaintiff has provided no affidavit or other evidence of the amount of fees incurred after September 7, 2010. The Court therefore declines to make any award for fees incurred after that date.

The Court therefore holds as follows with respect to attorney's fees: Highway 210, Harris, Kuehler, and Sarna are jointly and severally liable for attorney's fees in the amount of $19,902.50. In addition, Highway 210 and Harris are jointly and severally liable for attorney's fees in the additional sum of $1,597.50.

### III. Conclusion

In light of the foregoing, Plaintiff is entitled to default judgment against Defendants Highway 210 and Harris as follows:

(1) Highway 210 and Harris are jointly and severally liable to Plaintiff in the amount of $1,994,168.53 on the balance of the Note. Highway 210 and Harris' liability for this amount shall be joint and several with the liability of Defendants Kuehler and Sarna.

(2) Highway 210 and Harris are jointly and severally liable to Plaintiff for interest accrued through September 7, 2010 in the amount of $121,782.13, and for interest accruing thereafter to the date of the April 1, 2011 judgment at the contract rate of $263.12 per diem, for a total of $175,984.85 in contractual prejudgment interest. Highway 210 and Harris' liability for this amount shall be joint and several with the liability of Defendants Kuehler and Sarna.

(3) Highway 210 and Harris are jointly and severally liable to Plaintiff for attorney's fees incurred through May 25, 2010 in the amount of $19,902.50. Highway 210 and Harris' liability for this amount shall be joint and several with the liability of Defendants Kuehler and Sarna.

(4) Highway 210 and Harris are jointly and severally liable to Plaintiff for additional attorneys' incurred from May 26, 2010 through September 7, in the amount of $1,597.50.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Default Judgment (ECF No. 30) against Defendants Highway 210, LLC and Roger N. Harris is granted, and judgment shall be entered as set forth above.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 1st day of April 2011.

s/ David J. Waxse<br>
David J. Waxse<br>
U. S. Magistrate Judge

cc: All counsel and *pro se* parties